IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINTON MATTHEW CORBEIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 04-293-GPM |
| | ) |
| DARLENE A. VELTRI, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge two separate disciplinary proceedings. He has filed a motion to amend his petition (Doc. 4), but he has not submitted a copy of his proposed amended petition. *See* FED. R. CIV. P. 15; Local Rule 15.1. In fact, his motion on its face does not even specify why he wishes to amend his petition or what information he wishes to add to his petition. Therefore, the instant motion is **DENIED**.

This case now is before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition and attached exhibits in the present case, the

Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner arrived at F.C.I. Greenville in April 2003. Approximately six months later, he received a disciplinary ticket for possession of contraband; a tube containing marijuana residue was found inside his locker in his cell. He was found guilty of those charges and punished with 45 days in disciplinary segregation, the loss of 27 days of good conduct time, and the revocation of 180 days of visitation privilege. In November 2003, Petitioner received a second disciplinary ticket for encouraging a group demonstration. Again, he was found guilty, resulting in 30 days in disciplinary segregation and the revocation of another 27 days of good conduct time.

In this action, Petitioner argues that each of these tickets should be expunged and his good conduct time should be restored. The basis for his claim is not that he was innocent of the charged misconduct; he claims he was not provided with a copy of the institution's rules when he first arrived at Greenville, and, therefore, he was not provided with proper due process, as required by the Fifth Amendment.

This claim is contradicted by one of the many exhibits attached to the petition. In a letter dated November 20, 2003, Warden Darlene Veltri advises him of the following:

> A review of your file shows that during the initial intake screening process, you did sign your Intake Screening form stating, you had received a copy of the Admission and Orientation Handbook which provides Rules and Regulations, Inmate Rights and Responsibilities, and Prohibited Acts and Disciplinary Severity Scale. You have previously been provided with copies of this form that you signed. You have also attended Institution Admission and Orientation, which provides instruction on these matters.

Therefore, the Court finds Petitioner's claims to be without merit, and he is not entitled to the relief sought in the petition.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this

action is **DISMISSED with prejudice**.

      **IT IS SO ORDERED.**

      DATED:  06/21/05

                                        s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        Chief United States District Judge