IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLINTON CORBEIL,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **04-293-GPM** |
| | ) | |
| **FREDRICK MENIFEE,** [1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Clinton Corbeil is an inmate in the custody of the Bureau of Prisons. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Respondent has filed a Response. **(Doc. 20)**.

Petitioner was convicted in the Western District of Michigan of Interference with Commerce by Threats or Violence, and Felon in Possession of a Firearm. He was sentenced to 300 months imprisonment. The projected date of his release is October 31, 2018. **See, Doc. 20, Ex. A & B**.

Petitioner claims that he is entitled to habeas relief because he was denied due process in relation to two separate prison disciplinary proceedings held at FCI-Greenville. In the first incident, a plastic tube with marihuana residue in it was found in Corbeil's locker on October 9, 2003. Incident report #1151118 was issued, charging him with possession of a narcotic, or related paraphernalia. **See, Doc. 20, Ex. C**. A hearing was held before the Unit Disciplinary

---

[1] Petitioner is now in the custody of Fredrick Menifee, warden of USP Pollock. Mr. Menifee is substituted as respondent pursuant to Fed.R.Civ.P. 25(d)(1).

1

Committee, which referred the matter to the Discipline Hearing Officer (DHO) because of the severity of the incident. The DHO held a "due process" hearing on October 23, 2003. Corbeil submitted a written statement in which he said that the tube was in the locker when he moved into the cell, that he did not know it had marihuana residue on it, and that he had put the tube and some other items in a bag and had forgotten about them. **Ex. E**. The DHO found him guilty and he was sanctioned with the loss of 40 days good time credit, 30 days in disciplinary segregation, and loss of 180 days of visiting privileges. **See, DHO Report, Ex. F.**

Petitioner appealed to the Regional Director, and that appeal was denied on December 12 2003. His appeal to Administrator of National Inmate Appeals was denied on March 18, 2004. In November, 2003, Corbeil filed a second appeal of the decision, which was assigned Remedy #321660-R. In that second Remedy, he raised for the first time the claim that he had not been given a copy of the rules when he arrived at Greenville. That Remedy is attached to **Doc. 20** as **Ex. H**. In response, the Regional Director informed him that this new grounds would not be considered, as he had been afforded an opportunity to raise any and all grounds in his original appeal. **Ex. H, p. 3**.

The second incident occurred on November 25, 2003. Corbeil was charged with a violation of Code 212-Engaging or Encouraging a Group Demonstration. According to the incident report, Corbeil was showing a group of other inmates a document entitled "One Page Attachment to Informal Resolution Request." This document concerned overcrowding in the housing units at Greenville. The author of the report, Counselor Zelda Bell, told Corbeil that he was "encouraging a group demonstration and that he should not be doing it." Corbeil then told the other inmates "Man don't be afraid of Ms. Bell." He continued in the behavior, and Ms. Bell issued the incident report. **Ex. I.**

A hearing was held before the Unit Disciplinary Committee, which referred the matter to

the Discipline Hearing Officer (DHO) because of the severity of the incident.  The DHO held a "due process" hearing on December 4, 2003.  Corbeil submitted a written statement in which he said that he had been discussing a grievance that he had filed about overcrowding when Bell entered the cell and said that she would lock up anyone who grieved overcrowding.  Corbeil admitted that he told the other inmates not be afraid of Bell.

The DHO found petitioner guilty and imposed sanctions of loss of 27 days of good time credit and 30 days in disciplinary segregation.

Corbeil appealed to the Regional Director, raising three issues.  **Ex. M.**  The appeal was denied and petitioner appealed to the Administrator of National Inmate Appeals on February 9, 2004.  He raised for the first time at this stage a claim that he had not received a copy of the rules.  The appeal was denied.

On December 23, 2003, Corbeil filed a second appeal of the decision, which was assigned Remedy #321286-R2.  In that second Remedy, he raised for the first time the claim that Code 212 was impermissibly vague.  That Remedy is attached to **Doc. 20** as **Ex. N**.  In response, the Regional Director informed him that these new grounds would not be considered, as he had been afforded an opportunity to raise any and all grounds in his original appeal.

In his amended habeas petition, **Doc. 10**, Corbeil challenges the loss of good time on the following grounds:

1.	He was never given a copy of the prison rules and therefore was not given fair notice that the conduct of which he was found guilty was prohibited.

2.	Code 212 - Engaging or Encouraging a Group Demonstration, is vague and did not serve to inform him what conduct was prohibited.

3.	There was insufficient evidence to find him guilty

**Applicable Law**

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief. ***Jackson v. Carlson***, **707 F.2d 943, 946 (7th Cir. 1983).**

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." ***Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974)**. The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. ***Wolff*, 418 U.S. 563-567, 94 S.Ct 2978-2980**; ***Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).**

The findings of the disciplinary board must be supported by "some evidence in the record." ***Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985)**. This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." ***Id.***

Under the "some evidence" standard, this Court does not reweigh the evidence or determine credibility. ***Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996).** The evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. ***Viens v. Daniels*, 871 F. 2d 1328, 1334-1335 (7th Cir. 1989).** Only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." ***Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992).**

4

## Analysis

This court rejects Corbeil's claim that there was insufficient evidence to support the finding of guilt as to both charges

This court's review of the finding of guilt is "very narrow." **Hamilton, 976 F.2d at 346.** The issue is whether there is "any evidence in the record" to support the decision, and the Court's inquiry "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." **Superintendent v. Hill, 472 U.S. at 455 - 456, 105 S.Ct. at 2774.** The "some evidence" standard is a lenient one; even "meager" proof is sufficient so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." **Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (internal citation omitted).**

With regard to the possession of drug paraphernalia charge, petitioner admitted that he possessed the tube. In his written statement in response to the charge, he stated that he found the tube when he moved into the cell, and that he placed it in a bag with some ohter items, and forgot about it. He maintained that he did not know that the tube had been used to smoke marihuana. **Doc. 20, Ex. E**. In his explanation of the decision, the DHO stated "Looking at the tube it was very apparent that it contained some type of residue in it. You stated that you saw the item in the locker. The DHO felt that if this was the case you must definitely would have recognized it for what it was." **Doc. 20, Ex. F**.

On the second charge, petitioner explained in his written statement that he and some of his cellmates had been discussing overcrowding in the housing unit. He did some research on the issue and prepared a grievance, referred to as a BP-8 ½.. He submitted it to his counselor, Ms. Bell, and then returned to his cell. He admitted that he told his cellmates that he had filed a grievance on the overcrowding issue, and that he was giving them a copy of what he had filed

when Ms. Bell came in. **Doc. 20, Ex. K**. In his explanation of the decision, the DHO stated that he found Counselor Bell's version of the events to be more credible than petitioner's. He also stated that, while inmates are permitted to assist each other with legal work, they may not solicit other inmates to file administrative remedies, and they may not "try to inflame other inmate's sentiments" by making statements that undermine the authority of prison staff. The DHO concluded that Corbeil's intention in telling his cellmates not to be afraid of Ms. Bell was just that. **Doc. 20, Ex. L**.

It is apparent that there was "some evidence" to support the finding of guilty on both charges, which is all that is required. Petitioner's attack on the sufficiency of the evidence in both instances is really an invitation to this court to weigh the evidence and reassess credibility, which this court clearly may not do.

Petitioner's focus on whether or not he was given a copy of the rules is misplaced. Whether or not he was given a copy of the rules upon his arrival at Greenville is not the issue, for the BOP's failure to abide by the regulation requiring same does not independently present grounds for habeas relief.

The court first notes that Corbeil has been in the BOP since 1997, and had been assigned to three other institutions before coming to Greenville in 2003. He was placed in the Admission & Orientation program at each such institution. **Doc. 20, Ex. R**. Corbeil had prior experience with the prison disciplinary system, at two other institutions. **Doc. 20, Ex. S**.

Petitioner cites a number of cases for the proposition that due process requires that prison inmates not be disciplined for acts which they could not have known were prohibited. He is correct in that due process requires that inmates have "fair notice" of a rule before they are disciplined for violating it. ***Forbes v. Trigg*, 976 F.2d 308, 314 (7th Cir. 1992)**.

Corbeil does not suggest that he did not know that possession of drug paraphernalia by

inmates was prohibited, and any such suggestion would be ludicrous.  Even if he never received a copy of the BOP rules, common sense would have told him that the conduct was prohibited.  As for the second incident report, even under his version of the events, Counselor Bell warned him that he was engaging in prohibited conduct, and his response was to defy her.  Verbal notice of a rule is sufficient.  **See,** ***Forbes v. Trigg*, 976 F.2d at 314.**

Lastly, the argument that Code 212 is unconstitutionally vague is also without merit.  Corbeil suggests that the rule is so vaguely worded that a prayer meeting in the chapel or asking a group of other inmates to play cards could be considered violations.  **Doc. 24, p. 11**.  Corbeil was not praying or playing cards at the time of the violation here.  The rule was not vague as applied to him because, as found by the DHO, he was specifically told by Ms. Bell that distributing the paper to other inmates was encouraging a group demonstration and that he should not be doing that.  **Ex. L**.  Thus, petitioner was given actual notice that specific behavior violated the rule, but he refused to desist.  Whether some other hypothetical behavior might also be considered a violation is beside the point.

### Recommendation

This Court recommends that Clinton Corbeil's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **November 2, 2007.**

**Submitted: October 16, 2007.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

7